UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MYRON HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18CV04201NKL |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| MENTAL HEALTH, ) | |
| ) | |
| Defendant. ) | |

**JOINT PROPOSED SCHEDULING ORDER**

As this Court has ordered, the parties have conferred and come to an agreement regarding their proposed scheduling order. The parties do not agree as to the closing dates of the joinder of additional parties or the amendment of pleadings. Further, the parties do not agree on whether or not expert witnesses will be anticipated, or the number of days needed for trial. The parties have agreed to the remainder of this proposed scheduling order.

**A.     PLEADINGS**

1.     Plaintiff proposes that all motions for joinder of additional parties of pleadings shall be filed no later than ***August 15, 2019.*** Defendant proposes that all motions for joinder of additional parties of pleadings shall be filed no later than ***October 26, 2018***. Both parties have agreed to August 15, 2019 for the close of discovery. Plaintiff objects to Defendant's proposed date for joinder

1

of additional parties because he may wish to later add some of the witnesses as Defendants, if necessary. Defendant objects to Plaintiff's proposed date for joinder of additional parties in that this would cause undue delay of this matter.

2. Plaintiff proposes that all motions for amendment of pleadings shall be filed no later than ***August 15, 2019.*** Defendant proposes that all motions for amendment of pleadings shall be filed no later than ***March 15, 2019***. Both parties have agreed to August 15, 2019 for the close of discovery. Plaintiff objects to Defendant's proposed dates for amended pleadings because he believes additional torts maybe uncovered during the discovery process. Defendant objects to Plaintiff's proposed date for amendment of pleadings in that this would cause undue delay of this matter. Further, this Court has suggested that amendment of pleadings should take place approximately 180 days from the date of the filing of Plaintiff's Petition, which was on August 17, 2018.

**B. DISCOVERY**

1. Because of the extensive nature of Plaintiff's claims, the parties anticipate discovery disputes which they will endeavor to resolve amicably. In addition, due to the length of passage of time between some of the Plaintiff's allegations and the filing of the Petition, discovery of relevant information

proportional to the needs of the case may be difficult to obtain. As such, the parties request that Discovery proceed in the following manner:

    a.    At this time the parties do not anticipate any issues regarding the disclosure of electronically stored information.

    b.    At this time, the parties do not anticipate any issues regarding privileged information.

    c.    The parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than **May 30, 2019**, and shall conduct all other discovery at the times and in the manner prescribed by the Federal Rules of Civil Procedure, unless modified herein.

    d.    Discovery is to be completed in a reasonable and timely manner and limited only to relevant issues.

    e.    Defendants do not anticipate the use of any expert witnesses. However, Plaintiff anticipates the use of experts because he believes that discrimination against him and other black male nurses have had negative effects on its intended beneficiaries, nurses, the Plaintiff, staff and patients for purposes of Title VI, physically through injuries and psychologically and emotionally, of which they will be call upon to testify and experts.

    f.    As such, the parties propose expert designations and depositions as follows:

1) On or before *April 1, 2019,* the Plaintiff will designate any expert witnesses it intends to call at trial. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure.

2) On or before *May 15, 2019,* Defendant will designate any expert witnesses it intends to call at trial. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure.

3) On or before *July 15, 2019,* all depositions of expert witnesses will be completed.

g. The presumptive limit of twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P., shall apply. The presumptive limit of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., shall apply.

h. The parties shall complete all discovery in this case no later than *August 15, 2019*.

2. Motions to compel shall be pursued in a diligent and timely manner, but in no event filed on or before *July 15, 2019.*

C. **DISPOSITIVE MOTIONS**

1. All dispositive motions, except those under Rule 12(h)(2)( or (3), will be filed on or before *September 15, 2019.* Opposition briefs will be filed

4

on or before ***October 15, 2019.*** Any reply brief will be filed on or before ***October 25, 2019.*** All summary judgment motions will comply with Local Rule 56.1.

**D.    EXTENSION OF TIME**

    1.    All motions for extension of time pursuant to Rule 6(b) or Rules 31, 33, 34, and 36 must state:

        a.  The date when the pleading, response or other ction is/was first due;

        b.  The number of previous extensions and the date the last extension expires;

        c.  The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

        d.  Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

    2.  Unless requested within fourteen (14) days from the date of this Order, no continuance of the trial date or the pretrial conference date will be given except upon written notice and for exceptional cause.

**E.	ORDER RELATING TO TRIAL**

1.	At this time, the parties expect to be ready for trial after ***March 15, 2020.*** Defendant's believe that the number of fact witnesses in this case will be relatively few in number, and as such, it is anticipated the length of trial will be two days, but Plaintiff believes there will be a substantial number of witnesses, and believes the trial may last five days. Plaintiff has requested a trial by jury. Defendant respectfully requests that this case not be set for trial until this Court rules on dispositive motions.

Respectfully submitted,

*/s/ Myron Hubbard*
Myron Hubbard
4426 Blossom Street
Unit F-5
Columbia, SC 29205
314-324-1274
Humanitarians1@gmail.com

Respectfully submitted,

**JOSHUA D. HAWLEY**
Attorney General

*/s/ Eileen Ruppe Krispin*
Eileen Ruppe Krispin  #52184
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri 63188
(314)340-7861
Fax: (314)340-7029
eileen.krispin@ago.mo.gov
*Attorneys for Missouri Department of Mental Health*