IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MYRON HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-04201-NKL |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| MENTAL HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is defendant Missouri Department of Mental Health's motion to dismiss, Doc. 10. For the following reasons, the Department's motion is granted.

**I.  Introduction**

Plaintiff Myron Hubbard worked as a psychiatric nurse for the Missouri Department of Mental Health until he was denied leave and constructively discharged in 2008. Mr. Hubbard brought Title VII discrimination and Family Medical Leave Act claims against the Department and others pertaining to his discharge. *See generally Hubbard v. St. Louis Psychiatric Rehab. Ctr.*, No. 11-2082, 2013 WL 4052908 (E.D. Mo. Aug. 12, 2013) (*Hubbard I*). Following the dismissal of his Complaint with prejudice in *Hubbard I*, Mr. Hubbard brought another suit against the Department, this time alleging violation of Title VI for the same conduct. His complaint was dismissed with prejudice based on res judicata. *See generally Hubbard v. Missouri Dep't of Mental Health*, No. 15-722, 2016 WL 593585 (E.D. Mo. Feb. 12, 2016) *(Hubbard II)*.

Mr. Hubbard is currently a temporary hourly employee for the South Carolina Department of Mental Health. Mr. Hubbard, proceeding pro se, now alleges that the Missouri Department of Mental Health 1) committed fraud on the court in *Hubbard I* and *II* by misrepresenting whether it

receives federal funds for the purpose of providing employment, resulting in a denial of Mr. Hubbard's due process rights, and 2) violated Title VI, and continues to violate Title VI through the Missouri Attorney General's Office and the South Carolina Department of Mental Health's retaliatory acts against him. The Department argues that Mr. Hubbard has failed to state a claim upon which relief can be granted because 1) his claims are barred by res judicata, and 2) Hubbard has not pled new facts sufficient to find the Department liable under Title VI.[1]  Doc. 11 (Suggestions in Support).

**II.     Discussion**

"To survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[2]  *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (citation omitted).  "[A] court should construe the complaint liberally in the light most favorable to the plaintiff," *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008), and "grant[] all reasonable inferences in favor of the plaintiff." *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir.2009).  Further, "*pro se* litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014), meaning that when "the essence of an allegation is discernible, [the court construes] the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).  Dismissal is required, however, when "the allegations show on the face of the complaint there is some insuperable bar to relief." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

---

[1] Because the Court finds these grounds sufficient, the Missouri Department of Mental Health's other proffered grounds for dismissal are not addressed.

[2] The Department cites Mo. Sup. Ct. R. 55.27(6) as the basis for its motion to dismiss.  The Court applies Fed. R. Civ. P. 12(b)(6), the federal equivalent of the Missouri state rule.

The Department first argues that Mr. Hubbard's fraud and Title VI claims are barred by res judicata. Res judicata prevents re-litigation of a claim when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties . . . ; and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (citation omitted). "[W]hether two claims are the same . . . depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989).

Mr. Hubbard has twice brought complaints against the Missouri Department of Mental Health. Both prior complaints have been dismissed with prejudice, which amounts to judgement on the merits.[3] *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995) ("[D]ismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation."). Neither party contests that jurisdiction in *Hubbard I* and *II* was proper. Mr. Hubbard, however, argues that res judicata does not apply because 1) the Department's fraud on the court continued in *Hubbard II* and 2) one of his claims is based on facts that occurred either during or after the last trial.

In *Hubbard II*, Mr. Hubbard argued that his Title VI claim should not be barred by *Hubbard I* because the Department fraudulently concealed the fact it received federal funds. *Hubbard II*, 2016 WL 593585, at ** 3–4. He makes the same allegations here, but this time, based on statements the Department made during *Hubbard II*. Specifically, Mr. Hubbard points to the

---

[3] Although Mr. Hubbard argues that premature dismissal in his prior cases resulted in a denial of due process, Mr. Hubbard was given the opportunity to be heard when he was afforded leave to amend his complaint multiple times and respond to the multiple motions to dismiss filed in *Hubbard I*. *See Hubbard I*, 2013 WL 4052908, at ** 1–2; *Hubbard v. St. Louis Psychiatric Rehab. Ctr.*, 556 F. App'x 547, 548 (8th Cir. 2014) (affirming denial of leave to file fifth amended complaint given the prior opportunities Mr. Hubbard had to amend).

Department's statement in its motion to dismiss—that Hubbard "has not alleged, nor can he allege, that any federal funds received by the Defendants were designed to provide employment"—as evidence that the Department denied receiving federal funds. Doc. 12 (Suggestions in Opposition), ¶ 35. Mr. Hubbard asserts that the Department did receive funds designed to provide employment through the American Recovery and Reinvestment Act of 2009, the Nurse Loan Repayment Program, Disproportionate Share Hospital payments, and Missouri General Revenue Funds. Therefore, according to Mr. Hubbard, the Department's prior statement was a misrepresentation to the *Hubbard II* court.

First, the pages of explanation devoted to Mr. Hubbard's argument regarding the fraud exception to the res judicata doctrine in *Hubbard II* illustrate that his fraud claim is itself barred by res judicata. *See Hubbard II*, 2016 WL 593585, at ** 3–4. Although his fraud allegations differ to the extent his claim now addresses the Department's statements in *Hubbard II* rather than *Hubbard I*, "[t]he gravamen of both [actions] was the alleged concealment from the [Eastern District] court of the [Department's funding status]." *Landscape Prop., Inc. v. Whisenhunt*, 127 F.3d 678, 683 (8th Cir. 1997). Therefore, Mr. Hubbard's allegations regarding fraud have already been adjudicated and are barred by res judicata.

Second, Mr. Hubbard's allegations of fraud do not save the portion of his Title VI claim that has already been litigated for the same reasons stated in *Hubbard II*. *See Hubbard II*, 2016 WL 593585, at ** 3–4 (discussing the fraud exception). Even assuming that the Department received federal funds for the purpose of providing employment, the Department's statement in its motion to dismiss did not constitute fraud. As the *Hubbard II* court explained, "newly discovered evidence does not preclude the application of res judicata unless the evidence . . . could not have been discovered with due diligence." *Id.* at * 3 (quoting *Saabirah El v. City of New York*, 300 Fed.

App'x 103, 104 (2nd Cir. 2008)). Since Mr. Hubbard conceded that he discovered the Department's funding status on his own, the fraud exception to the res judicata doctrine does not apply. Accordingly, Mr. Hubbard's Title VI claim, to the extent it is based on his termination in 2008 and application for employment in 2010, fails because these claims have already been adjudicated. *See* Doc. 1-2, pp. 151–211 (Petition); *Hubbard I*, 2013 WL 4052908, at * 1; *Hubbard II*, 2016 WL 593585, at ** 1–2.

Mr. Hubbard argues that res judicata does not apply to his Title VI claim for retaliation, however, because the alleged conduct occurred after both *Hubbard I* and *II*. The Department argues that Mr. Hubbard's new allegations do not state a claim against the Department because he only pleads discriminatory acts committed by others.

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. In addition to pleading "Federal financial assistance," *Valentine v. Smith*, 654 F.2d 503, 512 (8th Cir. 1981), a Title VI retaliation claim requires a showing "(1) that [Hubbard] engaged in protected activity; (2) that [the defendant] took a material adverse employment action against [him], and (3) that a causal connection existed between the protected activity and the adverse action." *Peters v. Jenney*, 327 F.3d 307, 320 (4th Cir. 2003).

With respect to the second element, Mr. Hubbard asserts that 1) the Missouri Department of Mental Health's attorney, the Missouri Attorney General's Office, retaliated against him by misrepresenting his income and falsifying certificates of service in a child support matter, and 2) his current employer, the South Carolina Department of Mental Health, retaliated against him by assisting the Missouri Attorney General in submitting false evidence in the child support matter

and discriminating against him during the course of his employment in South Carolina. Doc. 1-2, pp. 142–51 (Petition).

Even taking these statements as true, Mr. Hubbard has not shown that the defendant took material adverse employment action against him, nor has Mr. Hubbard provided any basis for imputing the actions of the Attorney General or the South Carolina Department of Mental Health to the Missouri Department of Mental Health.[4] In other words, he has failed to show that the defendant in this case, as opposed to someone else, took material adverse employment action against him. For this reason, Mr. Hubbard has failed to state a claim for retaliation.

### III. Conclusion

For the foregoing reasons, the Department of Mental Health's motion to dismiss, Doc. 10, is granted. Mr. Hubbard's claims against the Missouri Department of Mental Health are dismissed with prejudice.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated:  December 19, 2018

---

[4] In arguing fraud on the court, Mr. Hubbard asserts that the Department "gave complete authority to their attorney to act on their behalf" and that "the Defendants benefitted from the acts of their attorney." Doc. 1-2, p. 91 (Petition). "'[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions[.]'" *Benton*, 524 F.3d at 870 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, even if Mr. Hubbard intends to argue that the Attorney General was acting on behalf of the Department of Mental Health during the child support proceeding, Mr. Hubbard's conclusory statements are insufficient.