IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| MYRON HUBBARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:18-cv-04201-NKL |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court are plaintiff Myron Hubbard's motion to reconsider, disqualify counsel, strike, and compel mediation, Doc. 16, and defendant Missouri Department of Mental Health's motion for sanctions, Doc. 21. For the following reasons, both motions are denied.

**I. Introduction**

Myron Hubbard worked as a psychiatric nurse for the Missouri Department of Mental Health (the "Department") until 2008, when he was denied leave and constructively discharged. Thereafter, Mr. Hubbard brought Title VII discrimination and Family Medical Leave Act claims against the Department and others pertaining to his discharge. *See Hubbard v. St. Louis Psychiatric Rehab. Ctr.*, No. 11-2082, 2013 WL 4052908 (E.D. Mo. Aug. 12, 2013) (*Hubbard I*). Following the dismissal of his Complaint with prejudice in *Hubbard I*, Mr. Hubbard brought another suit against the Department, this time alleging violation of Title VI for the same conduct. His complaint was dismissed with prejudice based on res judicata. *See Hubbard v. Missouri Dep't of Mental Health*, No. 15-722, 2016 WL 593585 (E.D. Mo. Feb. 12, 2016) *(Hubbard II)*.

On August 17, 2018, Mr. Hubbard, again proceeding pro se, filed a third complaint in in the Circuit Court of Cole County, Missouri, alleging that the Department 1) committed fraud on

the court in *Hubbard I* and *II* by misrepresenting whether it receives federal funds for the purpose of providing employment, resulting in a denial of Mr. Hubbard's due process rights, and 2) violated Title VI, and continues to violate Title VI through the Missouri Attorney General's Office and the South Carolina Department of Mental Health's retaliatory acts against him.

The Department removed the case, Doc. 1, and on December 19, 2018, the Court granted the Department's motion to dismiss on the grounds that Mr. Hubbard's discrimination and fraud claims were barred by res judicata and that he failed to state a claim for retaliation by failing to show that the Department took materially adverse employment action against him. Doc. 14.

## II. Discussion

Mr. Hubbard now asks the Court to reconsider its ruling on the Department's motion to dismiss in addition to seeking to disqualify the Department's counsel, strike their filings in this case, and compel mediation. The Department in turn seeks sanctions against Mr. Hubbard.

### A. Motion to Reconsider, Disqualify, Strike, and Compel Mediation

The Court construes Mr. Hubbard's motion to reconsider as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact" or "present[ing] newly discovered evidence." *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). They "may not [however] be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, n.5 (2008) (quotations omitted); *see also Schoffstall*, 223 F.3d at 827 (affirming denial of motion to reconsider where motion "merely restated" arguments made in opposition to summary judgment and "provided no additional reasons why [the judgment] was inappropriate").

Mr. Hubbard asks the Court to reconsider its ruling that Mr. Hubbard's claims were barred by res judicata by again arguing that the Department has "procured all its Judgements through Fraud." Doc. 16 (Motion for Reconsideration), ¶ 45. Specifically, Mr. Hubbard argues that in this and prior cases, the Department "fraudulently failed to disclose relevant information regarding material facts of Title IV," *id.* at ¶¶ 10, "made false statements regarding jurisdiction," *id.* at ¶¶ 12–13, and "created fraud through false arguments or opinions," *id.* at ¶ 17.

At the heart of his motion, Mr. Hubbard takes issue with, and labels as "fraud," the legal strategy and legal arguments advanced by the Department. However, "the assertion of a *legal* position . . . [is] not . . . fraud or misstatement." *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 137 (1st Cir. 2005) (emphasis in original); *see also Smithrud v. City of St. Paul*, No. 10-4452, 2012 WL 4129299, at *8 (D. Minn. Sept. 18, 2012), ("[A]n attorney's good faith legal arguments, especially meritorious arguments that are affirmed on appeal, do not constitute fraud."), *aff'd*, 746 F.3d 391 (8th Cir. 2014).

Further, Mr. Hubbard presents no new facts or evidence in support of reconsideration. Instead, he reiterates arguments of fraud raised in response to the Department's motion to dismiss, Doc. 12, pp. 2, 8, 20, and previously adjudicated in *Hubbard II*, 2016 WL 593585, at *3–4. Although Mr. Hubbard asserts that reconsideration is necessary in order to "avert violating Missouri Laws 575.020," Doc. 16, ¶ 46, section 575.020 addresses the crime of "concealing an offense," for which Mr. Hubbard lacks standing to assert a claim. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution . . . of another."); *Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000) (finding a private party has no standing to prosecute a criminal action). For these reasons the Court denies Mr. Hubbard's motion to reconsider. Because the Court finds it

3

inappropriate to revisit its final judgment dismissing Mr. Hubbard's Complaint, it is also not in a position to compel mediation.

Mr. Hubbard also asks the Court to disqualify the Missouri Attorney General and Eileen Ruppe Krispin as counsel and strike their entries in this case because "they are necessary witnesses, have been accused of criminal, civil and professional misconduct [by Mr. Hubbard], ha[ve] personal interest and conflict of interest in the case." Doc. 16, ¶¶ 58, 77. Such a motion is subject to "particularly strict judicial scrutiny." *Harker v. Comm'r*, 82 F.3d 806, 808 (8th Cir. 1996) (quotations omitted). Here, however, Mr. Hubbard has failed to allege conduct pertaining to the entire Missouri Attorney General's Office and has made only conclusory allegations of wrongdoing against Ms. Krispin, which are entirely unsupported by evidence. Such conclusory allegations are insufficient to support a motion to disqualify. *See id.* (declining to impute disqualification to entire Office of District Counsel); *Board of Regents of Univ. of Neb. v. BASF Corp.*, No. 04-3356, 2006 WL 2385363, at *11 (D. Neb., Aug. 17, 2006) (denying motion to disqualify based on conclusory statements, which left accusations of impropriety up to mere "possibility and conjecture"). Thus, Mr. Hubbard's motion to disqualify and to strike the filings of Ms. Krispin and the entire Attorney General's Office are denied.

### B. Motion for Sanctions

The Department asks the Court to sanction Mr. Hubbard for a pattern of filings, which "serve no purpose other than to unduly harass the Department." Doc. 21 (Motion for Sanctions), p. 6. Under Federal Rule of Civil Procedure 11(b), a party presenting a pleading in federal court "certifies to the best of the person's knowledge, information, and belief" that the pleading is not being presented for an "improper purpose," like harassment; the claims are warranted by law; and the factual contentions have evidentiary support, or are likely to have such support after further

4

investigation.  A court may impose appropriate sanctions on a party who violates Rule 11(b).  Fed. R. Civ. P. 11(c).  The purpose of this rule is to "deter baseless filings in the district court."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  However, courts "traditionally afford pro se parties some leeway under Rule 11," *Mousel v. Knutson Mortg. Corp.*, 823 F. Supp. 658, 663 (D. Minn. 1993) (citation omitted), and liberally construe pro se pleadings, *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014).

In asking the Court to impose sanctions on Mr. Hubbard, the Department relies heavily upon actions commenced by Mr. Hubbard in other courts, in *Hubbard I* and *Hubbard II*.  However, it is inappropriate for this Court to sanction Mr. Hubbard for actions filed in state court or in another district; it is within the purview of those courts to impose whatever sanctions they deem necessary.  *See, e.g.*, *Mousel*, 823 F. Supp. at 663–64 (concluding that it is inappropriate to impose sanctions for a "pattern of abuse" where previous actions were all commenced in other courts).  Although the Court has concluded that Mr. Hubbard's claims are bared by res judicata and that the action must be dismissed, those conclusions do not in themselves justify an award of sanctions.  *See id.*  Therefore, the Court denies the Department's motion for Rule 11 sanctions.

**III.  Conclusion**

For the foregoing reasons, Mr. Hubbard's motion to reconsider, disqualify, strike, and compel mediation, Doc. 16, and the Missouri Department of Mental Health's motion for sanctions, Doc. 21, are denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 12, 2019
Jefferson City, Missouri