IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MYRON HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-04201-NKL |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| MENTAL HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is plaintiff Myron Hubbard's motion to compel. Doc. 25. For the following reasons, the motion is denied.

### I. Introduction

Plaintiff Myron Hubbard worked as a psychiatric nurse for the Missouri Department of Mental Health (the "Department") until 2008, when he was denied leave and constructively discharged. Mr. Hubbard has since brought multiple suits against the Department pertaining to his discharge and each case has been dismissed. *See* Doc. 14; *Hubbard v. Mo. Dep't of Mental Health*, No. 15-722, 2016 WL 593585 (E.D. Mo. Feb. 12, 2016) *(Hubbard II)*; *Hubbard v. St. Louis Psychiatric Rehab. Ctr.*, No. 11-2082, 2013 WL 4052908 (E.D. Mo. Aug. 12, 2013) *(Hubbard I)*. In this case, the Court granted the Department's motion to dismiss on the grounds that Mr. Hubbard's discrimination and fraud claims were barred by res judicata and that he failed to state a claim for retaliation by failing to show that the Department took materially adverse employment action against him. Doc. 14.

### II. Discussion

Mr. Hubbard now asks the Court to compel the Department, pursuant to Federal Rule of

Civil Procedure 37, to disclose all federal financial assistance received, all federal funds used for the purpose of employment, all agreements in which the Department agreed to be subject to Title VI, and to produce both an affidavit and an answer to Mr. Hubbard's pleadings. As in prior pleadings, Mr. Hubbard argues that the Department had a duty to disclose information pertaining to federal assistance and the applicability of Title VI, that the Department failed to do so, and that the Department's failure influenced prior decisions issued both in this case and the previous cases.

Rule 37 permits a party to file a motion to compel disclosure or discovery responses. Specifically, the rule authorizes a party to seek, and a court to issue, an order to compel when "a deponent fails to answer a question asked under Rule 30 or 31[,] a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4)[,] a party fails to answer an interrogatory submitted under Rule 33[,] or . . . a party fails to produce documents . . . under Rule 34." Fed. R. Civ. P. 34(a)(3)(B). In other words, a motion to compel is proper if one party first seeks discovery, and then the other party fails to respond. Mr. Hubbard asserts that the Department has not made the requested disclosures, but there is no evidence that he has made any discovery requests. *See* Local Rule 26.3(b) ("A party must file a certificate of service when it serves any discovery document."). Rule 37 does not provide authority to compel responses to discovery requests that were never made.

To the extent that Mr. Hubbard's "meet and confer" emails dated March 15, 2019 and March 19, 2019 could be construed as discovery requests, Doc. 25, pp. 20–22, the requests are outside the scope and limits prescribed by the Federal Rules. "Parties may obtain discovery . . . that is relevant to [a] party's claim . . . and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As Mr. Hubbard's case was dismissed on December 19, 2018, before the emails requesting information were sent, the requested information is no longer relevant or proportional

to the case. Accordingly, to the extent Mr. Hubbard is seeking to compel a response to discovery served after the case concluded, his motion is denied.

Finally, Mr. Hubbard asks the Court to order the Department to answer his petition. However, Rule 37 does not provide authority to compel a party to file an answer to pleadings, only to answer interrogatories or questions asked during a deposition. Fed. R. Civ. P. 34(a)(3). Moreover, because the Department was not required to file an answer in response to Mr. Hubbard's pleading, an order to compel is inappropriate. Rule 12(b) "provides the pleader with the option of raising . . . specific defenses by motion prior to the service of a responsive pleading." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1349 (3d ed.). An answer need only be filed if the motion to dismiss is denied. *Cf.* Fed. R. Civ. P. 12(a)(4)(A) ("[I]f the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action."); *Williams v. Ark. Dept. of Corrs.*, No. 99-2959, 2000 WL 227977, at *1 (8th Cir. Feb. 28, 2000) (entry of default not appropriate when "defendants had filed a motion to dismiss and their answer was not yet due"). Here, the motion to dismiss was granted, and the case was terminated. Accordingly, Mr. Hubbard's motion must be denied.

### III. Conclusion

For the foregoing reasons, Mr. Hubbard's motion to compel, Doc. 25, is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 6, 2019
Jefferson City, Missouri