IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MYRON HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-04201-NKL |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| MENTAL HEALTH, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Myron Hubbard has filed a motion which the Court construes as a motion to stay, to compel mandatory disclosures, to extend the discovery deadline, and to reconsider assigning the case to mediation.[1] Doc. 32. In support of his motion, Mr. Hubbard highlights that his case was dismissed months before the discovery deadline and before the deadline proposed by the parties for Rule 26(a) disclosures. Doc. 32, pp. 2–3. He also reiterates his belief that the defendant committed fraud by not making certain disclosures, Doc. 32, pp. 3–8, and lists the requested disclosures in a discovery request served on the defendant, Doc. 34. Finally, he contends that once discovery is complete, the case will be ready for mediation. Doc. 32, p. 9.

However, the Court has already addressed Mr. Hubbard's allegations of fraud when granting defendant's motion to dismiss. Doc. 14. Further, as explained in the Order denying Mr. Hubbard's last motion to compel, Doc. 31, discovery is not appropriate at this time because Mr. Hubbard's claims were dismissed on December 19, 2018, and his case is closed, Doc. 14; Doc. 15.

---

[1] Specifically, Mr. Hubbard's motion is titled "Motion to Stay all Court Orders in the Case Herein until after All Mandatory Disclosures have been Made and the Already Jointly Proposed Discovery has been Completed and Motion to Extend Discovery and Reconsider Mediation and Assessment Program." Doc. 32, p. 1.

Even if some of the requested information falls within the mandatory disclosures required by Rule 26(a), disclosure at this stage is inappropriate because there is no trial for which to prepare nor any settlement discussions that would be informed by such information. *See* Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment ("[Rule 26(a)] imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement."). Similarly, as all claims have been dismissed, there are no claims to refer to mediation nor any proceedings to stay. Finally, defendant's request for an award of costs associated with this motion is also denied based on Mr. Hubbard's pro se status.

Therefore, the defendant has no obligation to respond to the discovery request, Doc. 34, and Mr. Hubbard's motion, Doc. 32, is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 17, 2019
Jefferson City, Missouri